[Cite as *Ohio Neighborhood Fin., Inc. v. Ezell*, 2012-Ohio-393.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| OHIO NEIGHBORHOOD FINANCE INC. | C.A. No.  11CA009986 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JENNIFER EZELL | LORAIN COUNTY MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.  CVF 1003246 |

DECISION AND JOURNAL ENTRY

Dated: February 6, 2012

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** Jennifer Ezell borrowed $500 from Ohio Neighborhood Finance Inc., but failed to pay it back. Ohio Neighborhood Finance sued Ms. Ezell and obtained a default judgment for $587 plus interest from the date of the judgment at the rate of 4%. Ohio Neighborhood Finance has appealed, arguing that the municipal court incorrectly failed to award it pre-judgment interest and future interest at the rate of 25%. We affirm because Ohio Neighborhood Finance did not object to the magistrate's decision and has not established plain error.

## CIVIL RULE 53(D)

**{¶2}** The municipal court judge assigned this case to a magistrate under Rule 53 of the Ohio Rules of Civil Procedure. The magistrate reviewed Ohio Neighborhood Finance's motion for default judgment and rendered his decision on March 21, 2011. The decision informed the parties in all capital letters that, "except for a claim of plain error, a party shall not assign as error

on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law . . . unless that party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)[(b)]." See Civ. R. 53(D)(3)(b)(iv). Ohio Neighborhood Finance did not timely file an objection to the magistrate's decision and, therefore, as it was warned, has forfeited all but plain error. *Ilg v. Ilg*, 9th Dist. No. 23987, 2008-Ohio-6792, at ¶6 (applying Civil Rule 53(D)(3)(b)(iv)).

{¶3} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error . . . seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St. 3d 116, syllabus (1997). We conclude that, even if the municipal court incorrectly determined the amount of interest to which Ohio Neighborhood Finance was entitled, Ohio Neighborhood Finance has not established that the mistake "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Accordingly, its assignments of error are overruled.

## CONCLUSION

{¶4} Ohio Neighborhood Finance failed to timely file an objection to the magistrate's decision and has not established plain error. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain County Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

ANTHONY M. SHARETT and SAMIR B. DAHMAN, Attorneys at Law, for Appellant.

JENNIFER EZELL, pro se, Appellee.